THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SPIROS GREGORY FILACTOS, Appellant.

First Department, May 19, 1939.

*Michael F. Markel*, for the appellant.

*Charles E. Ramsgate* of counsel [*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*], for the respondent.

GLENNON, J. The defendant was convicted in the Court of Special Sessions, county of the Bronx, of a violation of section 19 of the Sanitary Code of the City of New York (New York City Code of Ordinances, chap. 20). In the information it was charged, in substance, that on the 26th day of April, 1938, the defendant, " unlawfully and wrongfully did keep, hold and maintain poultry, to wit, a certain rooster, in and upon premises No. 2884 East 195th Street, County of Bronx, aforesaid, said premises not being then and there premises used for farming in unimproved sections of the said City of New York without a permit therefor duly issued by the Board of Health of the Department of Health of the City of New York." He was sentenced to serve a term of ten days in the Bronx county jail.

The trial was somewhat unusual. During the course thereof the defendant was called upon by the assistant corporation counsel

to produce a certain permit which the defendant had received from the department of health under date of August 20, 1934. It was offered in evidence by the prosecution and reads as follows:

" Department of Health

" Sanitary Bureau             Borough of Bronx
" No. 5721             Issued August 20, 1934.

" Permission is granted to Spiros Filoctos to keep thirty-five (35) Chickens at 2884 East 195th Street.

" This permit to be in force until revoked.

" By Order of the Board of Health

Jos. Dillenberg, Md.

per John Hectel

" GEORGE T. PALMER

" *Secretary.*

" Health Division Sanitary Inspection Bronx.

" Copy of rules delivered with this permit."

The People offered, and it was received in evidence, regulation 4 of the department of health which reads as follows:

" Regulation 4. Roosters Prohibited.

" Roosters are prohibited and no roosters shall be kept under any conditions."

Michael Styler, an inspector in the department of health said in effect that on the 26th day of April, 1938, he visited defendant's premises between eight-twenty-five and eight-thirty-seven in the morning and also nine-five and nine-forty-eight at night. In the morning he saw many chickens, apparently referring to the hens of the species, and a rooster among them. Later he learned that the defendant had a permit which entitled him to keep thirty-five chickens upon his premises. He gave additional testimony which indicated that the premises were not used for farming. Mr. Styler was the only witness called by the prosecution.

After the People had rested their direct case, the record shows the following: " The Defendant's Counsel: I move to dismiss upon the ground that the People have failed to make out a cause of action. The Presiding Justice: By a majority of the Court that motion is denied. The Defendant's Counsel: I respectfully except. The Presiding Justice: Mr. Justice Hackenberg dissents and votes to grant the motion. The defendant is found guilty. Are you ready for sentence? The Defendant's Counsel: The history is one thing. The violation is another. I didn't go into any of the history of it. I considered it strictly as a proposition of law. The Presiding Justice: We want to know all about it. So we are going to set it down for June 14th for investigation and sentence."

It appears that the defendant was adjudged guilty before he had offered any defense or had rested. We are inclined to the view that the motion made by the defendant for a dismissal of the information should have been granted.

It is fair to assume that the defendant could not have thrown any additional light upon the case, although he contends upon this appeal that he did not receive a copy of the rules and regulations which are referred to in the permit. No attempt was made to prove that a copy of the rules, and particularly regulation 4, was delivered to the defendant and, furthermore, as far as this record shows, his attention was not directed to the regulation prohibiting the keeping of roosters.

If the board of health desired to enforce regulation 4, it should have limited the permit to thirty-five female chickens or hens. The word " chicken " is defined by Funk & Wagnall's New Standard Dictionary of the English Language (Vol. 1) as follows: " 1. The young of the common domestic fowl, in any of its breeds or varieties, at any age between birth and maturity; specifically, such a fowl less than a year old; loosely, a cock or hen of any age, or its flesh." Both sexes were covered by the permit. It might be remarked in passing that there was nothing in the evidence to indicate the age of the rooster. However, it is commonly understood that roosters and hens of any age are classified generally as chickens.

For the reasons assigned, the judgment should be reversed, the information dismissed and the defendant discharged from custody.

MARTIN, P. J., O'MALLEY, UNTERMYER and DORE, JJ., concur.

Judgment unanimously reversed, the information dismissed and the defendant discharged from custody.